IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLENN LLOYD KINGHAM, <br> TDCJ # 01995131, <br> Petitioner, <br> VS. <br><br> LORIE DAVIS, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § | CIVIL ACTION NO. 3:16-CV-193 |

## MEMORANDUM OPINION AND ORDER

The petitioner, Glenn Lloyd Kingham (TDCJ #01995131), seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court misdemeanor conviction that was entered against him in 2014. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **DISMISSED** for the reasons set forth below.

I. **BACKGROUND**

On October 15, 2014, a Galveston County jury found Kingham guilty in state court cause number MD-0330341 of driving with an invalid license.[1] The trial judge rendered judgment on the verdict the next day, and Kingham was sentenced to 25 days in

---

[1] In order to evaluate this petition, the Court has taken judicial notice of the actions of the Texas state courts. *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) ("We may take judicial notice of another court's judicial action."); *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976) ("For a proper understanding of protracted litigation we may draw upon the records in all the preceding cases.") (citation omitted).

jail, probated for 6 months. Kingham attempted to appeal *pro se*, but he apparently never procured a trial court record; as a result, the Fourteenth Court of Appeals of Texas dismissed his appeal for want of prosecution on March 5, 2015. *See Kingham v. State*, No. 14-14-00848-CR, 2015 WL 1021354, at *1 (Tex. App.—Houston [14th Dist.] Mar. 5, 2015, no pet.). Kingham did not file a petition for discretionary review with the Texas Court of Criminal Appeals ("TCCA"), and the Fourteenth Court issued its mandate on June 8, 2015.

When the trial court received the mandate, it scheduled an "Order After Mandate" hearing. The hearing was held via teleconference on July 17, 2015 (Dkt. 7 at p. 1). After the hearing, the trial court signed an order officially commencing Kingham's probation on that date.[2] Six months later, on February 2, 2016, the trial court entered another order discharging Kingham from his probation.[3]

On March 8, 2016, Kingham mailed a petition for a writ of mandamus to the TCCA. *See* Texas Court of Criminal Appeals Case Number WR-83,675-02. The TCCA

---

[2] Specifically, the trial court's order read:
> The disposition of appeal being completed by the issuance of the Mandate and the exhaustion of the appellate remedies, the probated sentence hereby commences in this cause. The probated sentence and terms of Community Supervision in the case which are set out in the Judgment of Conviction by Jury entered October 15, 2014 shall begin on [the] 17th day of July, 2015.

*See* Galveston County Case Number MD-0330341, Order dated July 17, 2015.

[3] The trial court's order read:
> [T]he imposition of sentence was suspended and the Defendant placed on community supervision for a period of 6 months, and it further appearing to the satisfaction of the Court that the period of community supervision herein has expired, it is accordingly considered, Ordered and Adjudged by the Court that the Defendant be discharged from said community supervision in this Cause.

*See* Galveston County Case Number MD-0330341, Order dated February 2, 2016.

denied leave to file the mandamus petition on April 6, 2016. Kingham filed this federal habeas petition on July 11, 2016 (Dkt. 1 at p. 10).[4]

## II. KINGHAM IS NO LONGER "IN CUSTODY" FOR THIS CONVICTION.

The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The "in custody" requirement is essential—"[f]ederal district courts do not have jurisdiction to entertain section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks." *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing *Maleng v. Cook*, 109 S.Ct. 1923, 1925 (1989)). Kingham fully discharged his probation on February 2, 2016 and did not file this petition until July 11, 2016. He was no longer in custody for the challenged conviction when he filed this petition; and this Court, as a result, lacks jurisdiction over the petition.[5]

---

[4] This petition is deemed filed on the date on which Kingham deposited it into the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

[5] The Court notes that federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence. *Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005). However, the sentence that Kingham is currently serving (an 8-year sentence for evading arrest) was not enhanced by any prior convictions. *See* Harris County Case Number 137157601010-3. Moreover, "the Supreme Court has said that [such petitions] generally do not state a cognizable legal claim" in the first place. *Id.*

## III. CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus (Dkt. 1) is **DISMISSED** for want of jurisdiction.

2. All pending motions are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, on December 27, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE